## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **BOUNTHEUNG VONGDASY** | **CIVIL ACTION NO. 25-1589 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELLISSA HARPER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed by Bountheung Vongdasy ("Petitioner"). R. Doc. 2. Having carefully considered Petitioner's submissions and the applicable law, the motion is **DENIED**.

The record before the Court indicates that Petitioner, a citizen of Laos, was placed in removal proceedings following a criminal conviction. R. Doc. 2-1 at 3. "On August 15, 1997, an Immigration Judge ordered Mr. Vongdasy removed." *Id*. Following the completion of his sentence, Petitioner was released under an Order of Supervision. *Id*. Petitioner annually reported to Immigration and Customs Enforcement ("ICE") under his Order of Supervision without any noted violations. *Id*. On July 2, 2025, Petitioner was detained by ICE and later transferred to Stewart Detention Center in Lumpkin, GA. *Id*. On October 20, 2025, Petitioner was then transferred to an "Alexandria Staging Facility in Louisiana." *Id*. at 4. Counsel for Petitioner asserts that "[i]t remains unclear whether the Petitioner received a Notice of Revocation of Release as ICE Enforcement and Removal Operations remained unresponsive to any requests made." *Id*. at 3–4 (citation cleaned up). Counsel for

Petitioner informed the Court that Petitioner's removal is imminent and will occur today without this Court's intervention.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 518, 521 (W. D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).

Here, Petitioner's motion fails to satisfy the first element required for the Court to grant a Temporary Restraining Order. As alleged by Petitioner, a final removal order is in place. *See* R. Doc. 3. The law is clear that the government may revoke supervision to enforce a removal order. *See Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. CV 18-0528, 2019 WL 4724803, at *5 (W.D. La. 09/26/2019). Under the evidence presented including the representation by Counsel for Petitioner that his removal is imminent to Laos, the Court must conclude that Petitioner is not likely to succeed on the merits of his claim that the government violated its regulations when it revoked his supervision to effect his removal.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 23rd day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**